

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

June 21, 1965

Honorable Robert R. Barton
County Attorney
Kerr County
Kerrville, Texas

Opinion No. C-459

Re: For the purpose of
approving plats of
subdivisions, does
Article 970a or Article
974a, Vernon's Civil
Statutes, govern the
extent of the extraterri-
torial jurisdiction of
an incorporated city,
and allied question.

Dear Sir:

You have requested an opinion on the following
questions:

"(1)    For the purpose of approving plats
of subdivisions, does Art. 970a,
V.A.C.S., or Art. 974a, V.A.C.S.,
govern the extent of the extra-
territorial jurisdiction of an
incorporated city?

"(2)    Under Art. 970a, V.A.C.S., must
the governing body of a city extend
by ordinance to the area under its
extraterritorial jurisdiction the
application of such city's ordinance
establishing rules and regulations
governing plats and the subdivision
of land before the planning commis-
sion or governing body of such city
has authority to approve or dis-
approve a plat of a subdivision
lying within the area of its extra-
territorial jurisdiction?"

In order to answer your question, we must look to
Article 970a, Vernon's Civil Statutes (Acts 58th Leg., 1963,
Ch. 160, Art. 1), and Article 974a, Vernon's Civil Statutes
(Acts 40th Leg., 1927, Ch. 231; Acts 51st Leg., 1949, Ch. 154,
Sec. 1(1); Acts 54th Leg., 1955, Ch. 317, p. 851, Sec. 1).

Section 3A of Article 970a, states:

"In order to promote and protect the general health, safety, and welfare of persons residing within and adjacent to the cities of this State, the Legislature of the State of Texas declares it to be the policy of the State of Texas that the unincorporated area, not a part of any other city, which is contiguous to the corporate limits of any city, to the extent described herein, shall comprise and be known as the extraterritorial jurisdiction of the various population classes of cities in the State and shall be as follows:

"(1) The extraterritorial jurisdiction of any city having a population of less than five thousand (5,000) inhabitants shall consist of all the contiguous unincorporated area, not a part of any other city, within one half (1/2) mile of the corporate limits of such city.

"(2) The extraterritorial jurisdiction of any city having a population of five thousand (5,000) or more inhabitants, but less than twenty-five thousand (25,000) inhabitants shall consist of all the contiguous unincorporated area, not a part of any other city, within one (1) mile of the corporate limits of such city.

"(3) The extraterritorial jurisdiction of any city having a population of twenty-five thousand (25,000) or more inhabitants, but less than fifty thousand (50,000) inhabitants shall consist of all the contiguous unincorporated area, not a part of any other city, within two (2) miles of the corporate limits of such city.

"(4) The extraterritorial jurisdiction of any city having a population of fifty thousand (50,000) or more inhabitants, but less than one hundred thousand (100,000) inhabitants shall consist of all the con-

tiguous unincorporated area, not a part of any other city, within three and one half (3½) miles of the corporate limits of such city.

"(5) The extraterritorial jurisdiction of any city having a population of one hundred thousand (100,000) or more inhabitants shall consist of all the contiguous unincorporated area, not a part of any other city, within five (5) miles of the corporate limits of such city." (Emphasis added.)

Article 970a, Section 3C states:

". . . In addition, the extraterritorial jurisdiction of the city may be extended beyond the distance limitations imposed by Subsection A of this Section to include therein any territory contiguous to the otherwise existing extraterritorial jurisdiction of such city, provided the owner or owners of such contiguous territory request such expansion. However, in no event shall the expansion of the extraterritorial jurisdiction of a city, through annexation, or upon request, or because of increase in population of the city, conflict with the existing extraterritorial jurisdiction of another city. The extraterritorial jurisdiction of a city shall not be reduced without the written consent of the governing body of such city, except in cases of judicial apportionment of overlapping extraterritorial jurisdictions."

Article 974a, provides in part:

"Section 1. Hereafter every owner of any tract of land situated within the corporate limits, or within five miles of the corporate limits of any city in the State of Texas, who may hereafter divide the same in two or more parts for the purpose of laying out any subdivision of any tract of land or any addition to any town or city, or for laying out suburban lots or building lots,

-2186-

or any lots, and streets, alleys or parks or other portions intended for public use, or the use of purchasers or owners of lots fronting thereon or adjacent thereto, shall cause a plat to be made thereof which shall accurately describe all of said subdivision or addition by metes and bounds . . .

"Section 2. That every such plat shall be duly acknowledged by owners or proprietors of the land, or by some duly authorized agent of said owners or proprietors, in the manner required for the acknowledgment of deeds; and the said plat, subject to the provisions contained in this Act,[1] shall be filed for record and be recorded in the office of the County Clerk of the County in which the land lies.

"Section 3. That it shall be unlawful for the County Clerk of any county in which such land lies to receive or record any such plan, plat or replat, unless and until the same shall have been approved by the City Planning Commission of any city affected by this Act,[1] if said city has a City Planning Commission and if it has no City Planning Commission, unless and until the said plan, plat, or replat shall have been approved by the governing body of such city. If such land lies outside of and within five (5) miles of more than one (1) city affected by this Act, then the requisite approval shall be by the City Planning Commission or governing body, as the case may be, of such of said cities having the largest population; . . .

"Section 4. If such plan or plat, or replat shall conform to the general plan of said city and its streets, alleys, parks, playgrounds and public utility facilities, including those which have been or may be laid out, and to the general plan for the extension of such city and of its roads, streets and public

_____

1. This article and Vernon's Ann.P.C., Art. 427b.

> highways within said city and within five miles
> of the corporate limits thereof, regard being
> had for access to and extension of sewer and
> water mains and the instrumentalities of public
> utilities, and if same shall conform to such
> general rules and regulations, if any, govern-
> ing plats and subdivisions of land falling
> within its jurisdiction as the governing body
> of such city may adopt and promulgate to
> promote the health, safety, morals or general
> welfare of the community, . . ."

You will note that Sec. 3A of Art. 970a states:

> ". . . The Legislature of the State of Texas
> declares it to be the policy of the State of Texas
> that the unincorporated area, not a part of any
> other city, which is contiguous to the corporate
> limits of any city, to the extent described
> herein, shall comprise and be known as the
> (extraterritorial) jurisdiction of the various
> population classes of cities in the State and
> shall be as follows: . . ." (Emphasis added.)

Generally speaking where public policy has been declared by the Legislature acting within its constitutional powers, courts are bound thereby. Weingarten, Inc. v. Sanchez, 228 S.W.2d 303 (Tex.Civ.App. 1950). 53 Tex.Jur.2d 175, Statutes, Sec. 175.

As the courts have not construed Art. 970a, the House Journal of 1963 was checked for historical background on this Article.

It was found that the bill as originally passed by the House (H.B. #13) in 1963, contained therein practically verbatim Article 974a (same being Sec. 3 of H.B. No. 13 entitled: Authority Within Extraterritorial Area) with the exception that the extraterritorial area was set out as distance limitations instead of "or within 5 miles of the corporate limits" as set out in Art. 974a.

Sec. 3J of the original bill provided:

> "The provisions of this Sec. 3 are cumula-
> tive of the provisions of Art. 974a, R.C.S. of
> Texas, but the provisions of this act shall control
> in event of conflict."

The bill was thereafter sent to the Senate, amended, and thereafter passed by the House in its present form, which Article (970a) omits Sec. 3 of the original Bill. House Journal, 1963.

"Review of Historical background of Statute can be important at arriving at Legislative intent", State v. Aransas Dock & Channel Company, 365 S.W.2d 220, (Tex.Civ. App. 1963, error ref.)

Acts 58th Leg. 1963, Ch. 160, p. 447, enacting the Municipal Annexation Act (Art. 970a) provides in Art. III of the Act that it shall not repeal Acts 40th Legislature, 1927, Ch. 231 as amended (Art. 974a and Vernon's Annotated Penal Code Art. 427b), unless expressly inconsistent with the act, and then only to the extent of such inconsistency.

Upon a careful reading of Arts. 970a and 974a the only inconsistency we can find in the two Articles are the distance limitations imposed upon incorporated cities according to population brackets, insofar as extraterritorial jurisdiction is concerned.

It is our opinion from the foregoing, that Article 970a, establishes the extraterritorial jurisdiction of any city as set out in Section 3A, Subparagraphs 1, 2, 3, 4, and 5, according to population brackets, and Sec. 3C, which provides for the extension of extraterritorial jurisdiction provided the owner or owners of contiguous territory request an expansion of same.

Your second question pertains to the interpretation of Section 4 of Article 970a, as to whether a city must extend by ordinance to the area under extraterritorial jurisdiction the application of such city's ordinance establishing rules and regulations governing plats and subdivisions of land before the planning commission or governing body of such city has authority to approve or disapprove a plat of a subdivision lying within the area of its extraterritorial jurisdiction.

Article 970a, V.C.S., Sec. 4 reads as follows:

"The governing body of any city may extend by ordinance to all of the area under its extraterritorial jurisdiction the application of such city's ordinance

establishing rules and regulations governing plats and the subdivision of land; provided, that any violation of any provision of any such ordinance outside the corporate limits of the city, but within such city's extraterritorial jurisdiction, shall not constitute a misdemeanor under such ordinance nor shall any fine provided for in such ordinance be applicable to a violation within such extraterritorial jurisdiction. <u>However, any city which extends the application of its ordinance establishing rules and regulations governing plats and the subdivision of land to the area under its extraterritorial jurisdiction</u> shall have the right to institute an action in the district court to enjoin the violation of any provision of such ordinance in such extraterritorial jurisdiction, and the district court shall have the power to grant any or all types of injunctive relief in such cases." (Emphasis added.)

The ordinary meaning of the word "may" is merely permissive in character. <u>Rains v. Herring</u>, 68 Tex. 468, 5 S.W. 369; <u>Houston, E.&W. Tex. Ry. Co. v. Harding</u>, 63 Tex. 162; <u>Mitchell v. Hancock</u>, 196 S.W. 694 (Tex.Civ.App.). In <u>Samuell v. American Mortgage Co.</u>, 78 S.W.2d 1036, 1039 (Tex.Civ.App.), affirmed in 130 Tex. 107, 108 S.W.2d 193, the court said:

"... Where the word 'may' occurs in the statute, it is to be construed as merely permissive, and not as mandatory, except for the purpose of sustaining or enforcing a right--either public or private--but is never construed as mandatory for the purpose of creating a right. 26A Words & Phrases, May-In Statutes, and authorities cited; San Angelo National Bank v. Fitzpatrick, 88 Tex. 213, 216, 30 S.W. 1053, 1054; Holcomb v. Williams (Tex.Civ. App.) 194 S.W. 631, 632; Mitchell v. Hancock (Tex.Civ.App.) 196 S.W. 694, 700; Kleck v. Zoning Board of Adjustment of City of San Antonio (Tex.Civ.App.) 319 S.W.2d 406, 408."

It is therefore our opinion that under Sec. 4 of Article 970a, it is not mandatory that the governing body of a city extend by ordinance to the area under its extraterritorial jurisdiction the application of such city's ordinance establishing rules and regulations governing plats and the subdivisions of land before the planning commission or governing body of such city has authority to approve or disapprove a plat of a subdivision lying within the area of its extraterritorial jurisdiction.

### SUMMARY

(1) For the purposes of approving plats of subdivisions, Article 970a, V.C.S., governs the extent of the extraterritorial jurisdiction of any incorporated city.

(2) Under Article 970a, Section 4, V.C.S., it is not mandatory for the governing body of a city to extend by ordinance to the area under its extraterritorial jurisdiction the application of such city's ordinance establishing rules and regulations governing plats and the subdivisions of land before the planning commission or governing body of such city has authority to approve or disapprove the plat of a subdivision lying within the area of this extraterritorial jurisdiction.

Yours very truly,

WAGGONER CARR
Attorney General

By John H. Banks
John H. Banks
Assistant

JHB:gm:sj

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Milton Richardson
Arthur Sandlin
Kerns Taylor
John Reeves

Hon. Robert R. Barton, page 9 (C-459)

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright